## Application of COOPER.

Court of Appeals of District of Columbia.

Submitted November 14, 1927.    Decided December 5, 1927.

No. 1958.

Patents ⊚⟹28—Ornamental design for font of type is not patentable, merely because arresting, and hence desirable for advertising purposes (35 USCA § 73).

Since, under Rev. St. § 4929, as amended by Act May 9, 1902 (Comp. St. § 9475; 35 USCA § 73), design, to be patentable, must be new, original, and ornamental, ornamental design for a font of type does not meet requirements of statute merely because it may be arresting, and hence desirable for advertising purposes.

Appeal from the Commissioner of Patents.

Application of Oswald Cooper for a patent for an ornamental design for a font of type. From an adverse decision, he appeals. Affirmed.

A. M. Belfield, of Chicago, Ill., and J. H. Milans and C. T. Milans, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Commissioner of Patents, rejecting an application for a patent for an "ornamental design for a font of type."

In the view of the Patent Office, the general appearance of the letters in applicant's design differs only in minor details from the letters of the prior art. In this we concur. See In re Schraubstadter, 26 App. D. C. 331; In re Madden, 38 App. D. C. 94; In re Mygatt, 39 App. D. C. 432; Goudy v. Hansen (C. C. A.) 247 F. 782.

We also agree that applicant's design has no æsthetic appeal. "In fact," says the Commissioner, "his font of type is less ornamental than its predecessors. The heavy black lines add nothing to the beauty of the type. The type was designed, not as a thing of beauty, but for advertising purposes."

Since the amendment of 1902 (32 Stat. 193 [Comp. St. § 9475; 35 USCA § 73]), a design, to be patentable, must be "new, original, *and ornamental.*" Applicant's design may be arresting, and hence desirable for advertising purposes; but that does not meet the requirements of the statute. H. C. White Co. v. Converse & Sons Co. (C. C. A.) 20 F. (2d) 311.

The decision is affirmed.

Affirmed.